# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 02 2018, 6:35 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Thomas J. Gaunt
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Anthony Tyrell Wilburn,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

November 2, 2018

Court of Appeals Case No.
18A-CR-894

Appeal from the Hendricks
Superior Court

The Honorable Stephenie LeMay-Luken, Judge

Trial Court Cause No.
32D05-1705-F3-17

**Bailey, Judge.**

# Case Summary

Anthony Tyrell Wilburn ("Wilburn") appeals his convictions for Attempted Armed Robbery, a Level 3 felony,[1] and three counts of Theft, two as Level 6 felonies and one as a Class A misdemeanor.[2] We reverse and remand for a new trial.

# Issues

Wilburn presents two issues for review:

    I.    Whether the trial court admitted into evidence, in contravention of Indiana Rule of Evidence 404(b): (a) testimony that Wilburn allegedly committed or attempted to commit a theft at a Beech Grove Walmart; (b) a videotape obtained from that store; and (c) officers' testimony that their personal observations occasioned by Wilburn's arrest in Beech Grove had led them to conclude that Wilburn had also been the person depicted in videos from other Walmart locations; and

    II.    Whether sufficient evidence supports his convictions.[3]

---

[1] Ind. Code §§ 35-41-5-1, 35-42-5-1.

[2] I.C. § 35-43-4-2.

[3] Because we reverse Wilburn's convictions, we address the sufficiency of the evidence argument only in the context of whether Wilburn may be retried. If the evidence, viewed as a whole, would have been sufficient to sustain the judgment, retrial does not offend double jeopardy principles. *Harmon v. State*, 849 N.E.2d 726, 735 (Ind. Ct. App. 2006). Our review of the evidence in its entirety leads us to conclude that retrial is permissible.

# Facts and Procedural History

[3]     In the early morning hours of April 6, 2017, Wanda Ballard ("Ballard") was working as a cashier at a Walmart in Camby, Indiana. She was completing a single-item sale and handing the customer change when she heard him demand her money. Ballard saw in the customer's hand what looked to be a gun barrel. Nevertheless, she slammed the cash register shut and refused to comply with the demand for money. The man attempted to grab his change, tearing the bill apart, and then fled. The store's asset protection manager found empty packaging for a BB gun in one of the store aisles.

[4]     Later that same day, asset protection personnel at Danville, Avon, and Brownsburg Walmart stores learned that property had been taken from the jewelry display cases. Videotapes supplied by Walmart to local law enforcement suggested that one male was involved in multiple thefts. One camera had captured an image of the suspected thief's vehicle, a gray or silver four-door passenger car. Another camera had captured an image of a male near the pharmacy in the Avon Walmart at around 2:45 a.m., and law enforcement converted that image to a still photograph. Law enforcement then turned to social media in the hopes of identifying the photographed individual.

[5]     On April 11, 2018, Wilburn was arrested outside a Beech Grove Walmart on suspicion of theft. Law enforcement officers in Hendricks County learned of that arrest, and they were able to conduct comparisons of a Beech Grove Walmart videotape with videotapes from Camby, Danville, Avon, and

Brownsburg Walmart stores. The officers became convinced that the same individual was depicted in each videotape, and that the individual was Wilburn.

[6] On May 4, 2017, the State of Indiana charged Wilburn with Attempted Armed Robbery related to the events at the Camby Walmart, and with multiple counts of Theft (three felonies and one misdemeanor), related to the events at the Danville, Avon, and Brownsburg Walmart stores. Prior to trial, Wilburn filed a motion in limine seeking to exclude evidence of the arrest at the Beech Grove Walmart. The motion was granted.[4]

[7] Wilburn's trial commenced on February 12, 2018. After opening statements but prior to the presentation of evidence, the State asked the trial court "for relief from the defense Motion in Limine." (Tr. Vol. II, pg. 88.) After hearing argument of counsel, the trial court ruled: "I'm going to allow the evidence in for the following reasons: … It is related in time and space and distance. Also, the fact that he went to jewelry spinners is unique enough. … I will allow the video and I will allow the fact that he was arrested." (*Id.* at 91.)

[8] Hendricks County Sheriff's Department Detective Jesse Fulwider ("Det. Fulwider") testified over Wilburn's objections that he "came into contact with Mr. Wilburn in person at the Beech Grove Police Department" and, further, "on this DVD is the defendant in the Beech Grove Walmart." (*Id.* at 139, 143.)

---

[4] A ruling in limine is meant to prevent the presentation of potentially prejudicial evidence until the trial court can rule on the admissibility of the evidence in the context of the trial itself. *Harmon*, 849 N.E.2d at 728 n.2.

Det. Fulwider identified certain "factors" used "to identify that the individual that put the gun to Wanda [Ballard] is the defendant." (*Id.* at 150.)

[9] Wilburn was convicted as charged. The trial court vacated the conviction for the misdemeanor count and sentenced Wilburn to an aggregate sentence of twelve years on the remaining counts. Wilburn now appeals.

# Discussion and Decision

## *Evidence Rule 404(b)*

[10] A trial court exercises broad discretion in ruling upon the admissibility of evidence. *Camm v. State*, 908 N.E.2d 215, 225 (Ind. 2009). This Court will disturb its ruling only where an abuse of discretion is shown. *Id.*

[11] The State argued for admission of the Beech Grove evidence:

> The purpose for which the State's going to be offering [the evidence] is that we anticipate one of the defenses being in this particular case probably the most significant defense is identification. This was a signature offense that the defendant was arrested for in Beech Grove and was identified that is identical to the offenses that he is charged with in this particular case.

(Tr. Vol. II, pg. 89) Evidence Rule 404(b) provides, "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith," but "may be admissible for another purposes, such as proving identity." The identity exception in Rule 404(b) was

crafted primarily for crimes so nearly identical that the modus operandi is virtually a "signature." *Thompson v. State*, 690 N.E.2d 224, 234 (Ind. 1997). "The exception's rationale is that the crimes, or means used to commit them, were so similar and unique that it is highly probable that the same person committed all of them." *Id.*

[12] The trial court is required to make three findings to admit evidence for "other purposes" under Rule 404(b). *Camm*, 908 N.E.2d at 223. Specifically:

> First, the court must "determine that the evidence of other crimes, wrongs, or acts is relevant to a matter at issue other than the defendant's propensity to commit the charged act." Second, the court must determine that the proponent has sufficient proof that the person who allegedly committed the act did, in fact, commit the act. And third, the court must balance the probative value of the evidence against its prejudicial effect pursuant to Rule 403.

*Id.* (internal citations omitted.) Here, no evidence had been adduced to satisfy any of these prongs prior to the ruling on admissibility. Rather, the State anticipated a defense and counsel presented brief argument. In these circumstances, Wilburn has demonstrated an abuse of discretion.

[13] "Errors in the admission of evidence will not result in reversal if the probable impact of the evidence upon the jury is sufficiently minor so as to not affect a party's substantial rights." *Collins v. State*, 826 N.E.2d 671, 679 (Ind. Ct. App. 2005), *trans. denied*. We cannot say that the testimony about the Beech Grove arrest and the admission of the videotape was harmless. Indeed, the challenged

evidence was used to address evidentiary problems inherent in trying the charged offenses. Ballard could not identify her would-be robber; no witness had observed any of the thefts, and the silent witness – store recordings – depicted a person in the store but presence is not necessarily suggestive of criminal activity. Moreover, once it became clear that the Beech Grove videotape would be introduced, an officer was allowed to make an in-court identification of Wilburn – over Wilburn's objection that the officer had no independent basis for doing so. Under these circumstances, Wilburn's convictions must be reversed.

# Conclusion

[14] The trial court abused its discretion in the admission of evidence and the error was not harmless. Retrial would not offend double jeopardy principles.

[15] Reversed and remanded for a new trial.

Mathias, J., and Bradford, J., concur.